**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4551**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

GUY GORDON MARSH,

            Defendant - Appellant.

Appeal from the United States District Court for the Northern
District of West Virginia, at Martinsburg.  John Preston Bailey,
Chief District Judge.  (3:10-cr-00076-JPB-DJJ-1)

Submitted:  November 15, 2011        Decided:  November 17, 2011

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part, dismissed in part by unpublished per curiam
opinion.

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West
Virginia, for Appellant.  Erin K. Reisenweber, Assistant United
States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Guy Gordon Marsh pled guilty to failure to register as a sex offender and was sentenced by the district court to sixty-months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), addressing the validity of the guilty plea and the reasonableness of the sentence, but concluding that there are no meritorious issues for appeal. Marsh filed a pro se supplemental brief raising challenges to the voluntary and knowing nature of the plea and asserting that the Government breached the plea agreement. The Government has moved to dismiss the appeal based upon Marsh's waiver of his right to appeal his sentence. We affirm in part and dismiss in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Our review of the record leads us to conclude that Marsh knowingly and voluntarily waived the right to appeal his sentence. We therefore grant, in part, the Government's motion, and dismiss Marsh's appeal as to his sentence.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Marsh's conviction that may be revealed by our review pursuant to Anders. We have reviewed the transcript of the plea colloquy and determined that the district court fully complied with the mandates of Rule 11 in accepting Marsh's guilty plea. The district court ensured that Marsh understood the proceedings and entered his guilty plea knowingly and voluntarily, and that the plea was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991). We therefore deny the Government's motion to dismiss the appeal from the conviction, and affirm Marsh's conviction.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues. We therefore affirm Marsh's conviction and dismiss the appeal of his sentence. This court requires that counsel inform his client, in writing, of the right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a

3

petition would be frivolous, then counsel may renew his motion in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>